**FILED**

**July 28, 2026**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Mohamed A.,**
**Respondent Below, Petitioner**

**v.)  No. 24-699** (ICA No. 23-ICA-381)

**Marwa A.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mohamed A.[1] appeals from a memorandum decision by the Intermediate Court of Appeals ("ICA") reversing the Family Court of Kanawha County's August 2, 2023, order denying Respondent Marwa A.'s petition for the modification of custody and its May 20, 2024, order denying her motion for reconsideration of the same.[2] *See Marwa A. v. Mohamed A.*, No. 23-ICA-381, 2024 WL 4360200 (W. Va. Ct. App. Oct. 1, 2024). On appeal, the petitioner challenges the ICA's decision. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision summarily affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner and the respondent are the parents of two children—a fifteen-year-old daughter and an eleven-year-old son. The parties divorced in 2017, and an agreed parenting plan designated the respondent as their children's primary custodian. In 2022, the petitioner filed a series of contempt petitions against the respondent alleging that she was alienating the children from him by withholding the children from visits and encouraging the children to be disrespectful to him. Due to the petitioner's allegations, the family court ordered psychological evaluations of the children with Dr. Timothy Saar, who authored a report finding parental alienation by the respondent and recommending that the children have no contact with her for three to six months.

The petitioner then filed a petition for modification of the parenting plan seeking custody of the children and an emergency motion for immediate transfer of custody of the children. The petitioner alleged that the then-eight-year-old son had exhibited alarming behavior, but the respondent refused to seek treatment for him. Following a hearing, the family court entered an order on September 14, 2022, granting the petitioner temporary custody of the son. After holding

---

[1] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[2] The petitioner appears by counsel Timothy A. Bradford. The respondent appears by counsel James M. Pierson.

1

an evidentiary hearing on the petitioner's petitions for contempt and for modification, the family court entered an order on October 12, 2022, finding that the respondent disobeyed the court order, withheld parenting time from the petitioner, and alienated the children from him.[3] As such, the family court granted the petitioner's petition for modification, awarded him sole custody of both children, and prohibited the respondent from having parenting time and contact with the children "for a period of six months."

In June 2023, the respondent filed a petition for modification, seeking to reinstate herself as the children's primary custodian. By order entered on August 2, 2023, the family court denied the respondent's petition for modification without holding a hearing. The respondent filed a motion for reconsideration. On May 20, 2024, the family court entered an order denying the motion.[4] As a result, the respondent appealed the family court's August 2, 2023, order denying her petition for modification and its May 20, 2024, order denying her motion for reconsideration to the ICA. The ICA issued a memorandum decision reversing the family court's orders and remanding with directions for the family court to conduct a hearing on whether the respondent should be afforded additional contact or parenting time with the children and whether more parenting time for respondent is in the best interest of the children. The petitioner appeals from that decision.

Upon an appeal of a family court's final order from the ICA, this Court reviews the family court's findings of fact for clear error, the family court's application of the law to the facts for an abuse of discretion, and questions of law de novo. Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024). Before this Court, the petitioner raises a single assignment of error in which he argues that the ICA erred in reversing the family court's orders and remanding for a hearing. A careful review of the appendix record and the parties' briefs indicates that the family court should have held a hearing on the respondent's petition for modification.

For the foregoing reasons, we summarily affirm the ICA's decision.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[3] The petitioner failed to include the October 12, 2022, order in the appendix record; however, he appended the order to his notice of appeal.

[4] The petitioner also failed to include the May 20, 2024, order in the appendix record. We glean the family court's findings from the ICA's memorandum decision.